Per Curiam.

At the threshold of this discussion it is important to note that three questions are not involved in this litigation. The first is the liability of the plaintiff’s husband who was driving the automobile in which the plaintiff was riding. The second is the liability of the driver of the automobile which collided with the one in which the plaintiff was a passenger; and he was not called as a witness. The third is the liability of the operator of the so-called escort service directly in charge of the funeral procession; and he was not called as a witness.
Nor does the plaintiff claim that the defendant was an insurer of her safety.
The plaintiff relies heavily on the decision of this court in the ease of Sack v. A. R. Nunn & Son, 129 Ohio St., 128, in which *395 the facts are claimed to he “virtually identical” with those in the instant case.
That the Court of Appeals felt otherwise is indicated by its omission of any reference thereto in its ample opinion.
The syllabus in the Nunn case reads:
“1. When an undertaker, under contract to conduct a funeral and to transport the funeral .party to a cemetery and back to the home, hires a number of cars and their drivers from a third party, who maintains the cars and pays the wages of the drivers, but the undertaker places such cars and drivers in the funeral procession and gives written instructions to such drivers with reference to safety and rules of operation, and through the operation of one of such hired cars by its driver a passenger of such car is injured on the return trip from the cemetery, the question of the control of such driver by the undertaker, as affecting his liability for the injury of such passenger under the doctrine of respondeat superior, is one of fact for the jury under proper instructions from the court. (Babbitt v. Say, Admr., 120 Ohio St., 177, distinguished.)
“2. One who undertakes by contract to perform a definite and particular service for another, such as transporting the members of a family to and from a funeral service, cannot relieve himself from a faulty performance or a failure to perform by showing that he has engaged another to perform in his place, and that the fault or failure is that of such other, especially where the person to whom performance is due has no notice or information that such service is to be rendered by such other. The question as to whether such party so contracting to furnish such service of transportation has performed with due care is one for the jury.”
And in his opinion in that case, Hart, J., made the following comment:
“The defendants had undertaken the entire supervision of this funeral to its minutest details. The car and driver which they hired from Sitgreaves was by them made an integral part of the funeral procession, an enterprise wholly directed and controlled by them. In view of the fact that they were providing transportation of the plaintiff and other relatives, they could not absolve themselves from entire responsibility for the compet *396 ency and careful conduct of the driver under whose care they were placing the plaintiff for transportation.”
In the instant case it is important to observe the contrasting and controlling facts that the defendant had not “undertaken the entire supervision of this funeral to its minutest details”; that the defendant did not furnish the automobile in which the plaintiff was riding; that the defendant did not furnish the driver of that automobile; that the defendant did not assign the plaintiff to ride in her husband’s automobile; that the defendant was without authority to determine whether the plaintiff and her husband should or should not join the funeral procession; that at the request of the deceased’s widow the defendant found and employed the escort service but exercised no authority in the performance of this service; and that the defendant supplied some flags and some windshield stickers for the automobiles in the procession but exercised no authority over their operation.
Hence, it is apparent that the Nunn case, supra, and the instant case are readily distinguishable on the contrasting facts.
However, the plaintiff claims that the defendant violated the provisions of Section 9.1110 of the Cleveland Traffic Code which reads in part:
“A funeral composed of a procession of vehicles shall be identified as such by the prominent display upon the forward part and outside of each vehicle of a pennant, flag, or other device of a type designated by the chief of police. ’ ’
It is the contention of the defendant that the ordinance never became effective because the chief of police never designated a pennant, flag or other device for display. The Court of Appeals held that the ordinance was in effect as to pennants and flags without designation by the chief of police for the reason that the only designation required was with reference to other devices. But that court held further that the effective part of the ordinance imposed the duty of pennant and flag display on the driver of each vehicle and not on the defendant in the absence of language to that effect.
At the time of the collision there was no statute or Cleveland ordinance granting the right of way to vehicles in a funeral procession. It is undisputed that at the moment of collision the plaintiff’s husband was driving their automobile through *397 the intersection while the traffic light showed red. The colliding automobile approached from their left with that side of the light showing green. In the absence of a protective statute or ordinance or police direction, the plaintiff’s husband was without the right to proceed against a red light. Section 4511.451, Bevised Code, has since been enacted. ,
In her second amended petition the plaintiff alleges two causes of action — tortious negligence and breach of contract. In summarizing the entire controversy, the Court of Appeals concluded :
“We find nothing in the record showing any violation by the defendant of any duty owing to the plaintiff or to the widow who requested the escort service, nor do we find any evidence indicating any negligence on the part of the defendant which was the proximate cause of plaintiff’s injury. The plaintiff failed in her proof to show liability on the part of the defendant and the court properly allowed defendant’s motion for a directed verdict.”
This court concurs in that result.

Judgment affirmed.

Weygandt, C. J., Zimmerman and Herbert, JJ., concur.
Taft, J., concurs in the judgment.
Matthias and Bell, JJ., dissent.
O’Neill, J., not participating.